**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                          Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                          Chapter 11

            Debtor.
_____

MICHAEL GOLDBERG, as Chapter 11 Trustee          Adv. Proc. No. 8:25-ap-00048-RCT
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

            Plaintiff,

v.

BIG STORM REAL ESTATE LLC, BRIAR
CAPITAL REAL ESTATE FUND LLC,
MJMRBM LLC and PEDRO FALCON,

            Defendants.
_____

**CHAPTER 11 TRUSTEE'S MOTION**
**FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

Plaintiff, Michael Goldberg, as Chapter 11 Trustee ("Chapter 11 Trustee") of the estate of

Debtor, The Center for Special Needs Trust Administration, Inc., by and through undersigned

counsel, and pursuant to Local Rule 7030-1(a), moves for leave to take the deposition of the

corporate representative(s) of Defendant, Big Storm Real Estate LLC, with the most knowledge

of the topics described in ***Exhibit 1*** on an expedited basis, and states:

1.       On January 13, 2025, the United States Bankruptcy Court for the Middle District

of Florida entered a Temporary Restraining Order [Doc. 45] (the "TRO"). From that day forward,

Leo J. Govoni, Boston Finance Group, LLC ("BFG"), and ***all of the "Alter Ego Entities"***

*identified on Exhibit A to the Order* were "enjoined from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the Alter Ego Entities." *See id.* at ¶ 2.

2.     Around the same time, new counsel[1] was retained to represent Mr. Govoni; BFG; Boston Asset Management Inc. ("BAM"); Global Litigation Consultants LLC ("GLC"); and Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, Big Storm Real Estate LLC (collectively, the "Big Storm Entities", and together with the Judgment Debtors, BAM and GLC, the "TRO Entities").

3.     On January 17, 2025, the Chapter 11 Trustee agreed to extend the TRO for two weeks, to accommodate counsel and the TRO Entities, on the following conditions:

- "Except as provided for herein, the TRO and all injunctive relief remains in place with respect to the TRO Entities through and including February 3, 2025;"

- BAM, GLC, and the Big Storm Entities may fund payroll on January 17, 2025 and January 31, 2025; *provided, however, that* no money shall be paid to insiders of either Judgment Debtor, including any of Mr. Govoni's family members;

- Within 5 days of entry of this Order, BAM, GLC, and the Big Storm Entities shall provide the Chapter 11 Trustee with a budget for the month of January, 2025; and

- On or before February 7, 2025, BAM, GLC, and the Big Storm Entities shall provide the Chapter 11 Trustee with a Monthly Operating Report, substantially in the form utilized in chapter 11 bankruptcy cases, for the month of January, 2025.

4.     Moreover, each of these conditions was reduced to an Order of the Bankruptcy Court. *See* Order Extending Temporary Restraining Order, Doc. 59.

---

[1] Counsel for the TRO Entities (as defined below) is certainly not a target of this motion. The Chapter 11 Trustee appreciates his professionalism. Indeed, it is his impending withdrawal from the case that warrants the expedited relief sought herein.

80304644;1

5.      In addition, the TRO Entities agreed to:

- Give the Chapter 11 Trustee a full accounting;

- Accept service of unserved subpoenas and comply with unanswered subpoenas; and

- Complete a chart of LLC membership interests;

- Have Mr. Govoni and BFG complete fact information sheets within the statutory time limit (which makes them due February 28, 2025).

6.      As of the date of this Motion, however, the only budget the Chapter 11 Trustee has ever received was from the Big Storm Entities; and *he has not received any budgets from BAM or GLC. He has also not received any accountings, monthly operating reports, subpoena responses, or LLC charts from any of the Defendants or TRO Entities*.

7.      To be clear, BAM, GLC, and the Big Storm Entities were only authorized to fund payroll on January 17, 2025 and January 31, 2025. They were not authorized to fund ***any*** payroll in February, 2025 – or expend any other money at all – and they were never authorized to pay any insiders.

8.      Moreover, on February 6, 2025, the Bankruptcy Court entered a preliminary injunction against the TRO Entities. Pursuant to that Order, and effective immediately, the TRO Entities – as well as anyone acting on their behalf or in concert or participation with them – were prohibited from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the TRO Entities or Alter Ego Entities. *In other words, effective January 31 – and certainly by February 6, 2025 – the TRO Entities (including Mr. Govoni) were prohibited from conducting any business at all, directly or indirectly*.

9.      In spite of the Bankruptcy Court's Orders, however, the Chapter 11 Trustee has learned that GLC and the Big Storm Entities may be continuing to operate. Obviously, that would

3

be a clear violation of this Court's orders. Added to the other issues in this letter (including all of the missing documents) – and counsel's upcoming withdrawal from representation of the TRO Entities – expedited relief is requested. Specifically, the Chapter 11 Trustee believes that the requested depositions of certain corporate representatives – as set forth in the draft subpoenas – would go a long way to resolving these issues, identifying whether violations have occurred, and finding ways to rectify those violations.

10.    A copy of the Notice of Deposition is attached hereto as ***Exhibit 1***.

WHEREFORE, Michael Goldberg, through his undersigned counsel, respectfully requests leave to take the deposition of the corporate representative(s) of Big Storm Real Estate LLC with the most knowledge of the topics described in ***Exhibit 1***, on or before March 7, 2025.

Dated: March 5, 2025                      AKERMAN LLP

By: */s/ John L. Dicks II*
    John L. Dicks II
    Florida Bar No.: 89012
    Email: john.dicks@akerman.com
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C. Elliott
    Florida Bar No.:  18732
    Email:  raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

    *Counsel for Chapter 11 Trustee, Michael Goldberg*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 5, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record, and by U.S mail to:

Big Storm Real Estate LLC
Attn. its Registered Agent,
Leo Joseph Govoni,
12707 49th Street N., Suite 200
Clearwater, FL 33762

Briar Capital Real Estate Fund LLC
Attn. its Registered Agent,
Frank S. Goldberg,
8584 Katy Freeway, Suite 419
Houston, TX 77024

MJMRBM LLC
Attn. its Registered Agent,
Andrew M. O'Malley
c/o Carey, O'Malley, et al.
721 South Orange Ave.
Tampa, FL 33606

MJMRBM LLC
Attn. its Manager,
Richard B. Maestrelli
6105 - G Memorial Highway
Tampa, FL 33615

Pedro Falcon, at his usual place of abode
2842 Ryan Blvd.
Punta Gorda, FL 33950

Pedro Falcon
c/o John W. Chapman, Jr., Esq.
1515 Ringling Blvd., Suite 870
Sarasota, FL 34236

*/s/ John L. Dicks II*
Attorney

80304644;1

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                   Chapter 11

      Debtor.

_____

MICHAEL GOLDBERG, as Chapter 11 Trustee          Adv. Proc. No. 8:25-ap-00048-RCT
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

      Plaintiff,

v.

BIG STORM REAL ESTATE LLC, BRIAR
CAPITAL REAL ESTATE FUND LLC,
MJMRBM LLC and PEDRO FALCON,

      Defendants.

_____

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rules 9014 and 7030, Federal Rules of

Bankruptcy Procedure, on any **afternoon on or before March 7, 2025**, or soon thereafter, counsel

for Plaintiff, Michael Goldberg, as Chapter 11 Trustee of the estate of The Center for Special

Needs Trust Administration, Inc., will take the deposition of **the corporate representative(s) of**

**Big Storm Real Estate LLC** with the most knowledge of the topics described in **Exhibit A**, at the

offices of Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602, before an officer

authorized by law to take depositions.  This deposition is being taken for discovery purposes, for

use at hearing or trial, or both, and shall continue from day to day until completed.

Dated: March 5, 2025

AKERMAN LLP

By: */s/ John L. Dicks II*

John L. Dicks II
Florida Bar No.: 89012
Email: john.dicks@akerman.com
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott
Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record, and by U.S mail to:

Big Storm Real Estate LLC
Attn. its Registered Agent,
Leo Joseph Govoni,
12707 49th Street N., Suite 200
Clearwater, FL 33762

Briar Capital Real Estate Fund LLC
Attn. its Registered Agent,
Frank S. Goldberg,
8584 Katy Freeway, Suite 419
Houston, TX 77024

MJMRBM LLC
Attn. its Registered Agent,
Andrew M. O'Malley
c/o Carey, O'Malley, et al.
721 South Orange Ave.
Tampa, FL 33606

MJMRBM LLC
Attn. its Manager,
Richard B. Maestrelli
6105 - G Memorial Highway
Tampa, FL 33615

Pedro Falcon, at his usual place of abode
2842 Ryan Blvd.
Punta Gorda, FL 33950

Pedro Falcon
c/o John W. Chapman, Jr., Esq.
1515 Ringling Blvd., Suite 870
Sarasota, FL 34236

*/s/ John L. Dicks II*
Attorney

## **Exhibit A**

1. The attached Bankruptcy Court Orders, and any of the obligations contained within them.

2. Any and all transactions between, since January 13, 2025, You and any of the "Alter Ego Entities" identified on Exhibit A to the Order.

3. Your efforts to respond to subpoenas served by the Chapter 11 Trustee.

4. Your efforts to provide or complete:

   o  a full accounting
   o  a chart of LLC membership interest

5. Your relationship with Leo J. Govoni.

6. Your business operations since January 13, 2025.

7. Any and all cash, checks, or wires received by You since January 13, 2025 (regardless of Your capacity or who the intended recipient is/was).

8. Any and all cash, checks, or wires sent by You since January 13, 2025 (regardless of Your capacity or who the intended recipient is/was).

ORDERED.

**Dated:  January 13, 2025**

Roberta A. Colton
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                               Chapter 11

      Debtor.

_____

MICHAEL GOLDBERG, as Chapter 11 Trustee                   Adv. Pro. No. 8:24-ap-00139-RCT
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

      Plaintiff,

v.

BOSTON FINANCE GROUP, LLC, a Florida limited
liability company and LEO J. GOVONI, an
individual,

      Defendants.

_____

## <u>TEMPORARY RESTRAINING ORDER</u>

This proceeding is before the Court upon the Ex Parte Emergency Motion for Temporary

Restraining Order and to Schedule a Hearing to Consider Entry of a Preliminary Injunction (Adv.

Doc. 4 2 ) (the "Motion") filed by Plaintiff, Michael Goldberg, as Chapter 11 Trustee ("Chapter

11 Trustee"). Based upon the Court's granting of summary judgment on the issue of liability in

favor of the Plaintiff and against Defendants Leo J. Govoni ("Govoni") and Boston Finance Group

LLC ("BFG," together with Govoni, the "Defendants"), as well as the Motion itself, the Court finds

that the Plaintiff is likely to succeed on the merits.

Furthermore, the record before the Court in the Main Case and all related adversary

proceedings, in tandem with the materials submitted with the Motion, including the Declarations

of the Trustee and Trustee's counsel, demonstrate a substantial likelihood that, absent a temporary

restraining, Govoni, BFG, and associates of the Defendants will otherwise transfer or dissipate

assets purchased with estate funds, and these transfers will irreparably injure the Debtor's estate

and its creditors.

No notice of the Motion was provided to the Defendants and Alter Ego Entities due to the

continued risk of dissipation. The duration of this Order is 14 days from the date of its entry and

the relief granted herein can either be extended upon a showing of good cause by the Plaintiff or,

after notice and a hearing on the preliminary injunctive relief sought in the Motion, by channeling

the injunctive relief granted herein into a preliminary injunction order to be entered at a later date.

The prospective harm to the Debtor's estate and its creditors outweighs the prospective

harm to the Defendants. The Plaintiff has shown a likelihood of entitlement to either all or a

substantial portion of the Defendants' assets. The Defendants are minimally harmed by an inability

to control assets to which the Debtor is likely entitled to and to which the Defendants and/or

insiders/affiliates likely lack entitlement. Therefore it is:

**ORDERED**:

1.      The Motion is **GRANTED**.

2.      Effective January 13, 2025, the Defendants — as well as anyone acting on their behalf or in concert or participation with them — are enjoined from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the Alter Ego Entities identified in **Exhibit A** to this Order.

3.      The injunctive relief in this Order expires 14 days from entry of the Order but can be extended upon a showing of good cause.

4.      Based on the legal and equitable arguments raised by the Plaintiff and the short duration of the injunctive relief in this Order, no grant of security is required by the Plaintiff pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

5.      To the extent any of the Alter Ego Entities are: 1) not associated with the Defendants; 2) need to enter a transaction that is enjoined by this Order; and/or 3) for any other valid reason, such Alter Ego entity can seek relief from this Order.

6.      Subsequent to the entry of this Order, notice of it will be provided to the Defendants and the Alter Ego Entities as soon as practicable.

7.      The Motion and this Order comply with all requirements of Rule 65 of the Federal Rules of Civil Procedure.

8.      The Court will schedule a further hearing on notice to all affected parties on **January 17, 2025 at 9:30 a.m.** to consider entry of a preliminary injunction as requested in the Motion.

Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later

than 3:00 p.m. one business day before the date of the hearing, at https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration.  If a party is unable to register online, please contact Wendy Chatham, Courtroom Deputy, at 813-301-5118.

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

**EXHIBIT A**

**ALTER EGO COMPANIES SUBJECT TO THE TEMPORARY RESTRAINING ORDER**

American Albanian Trade Group LLC

American Czech Trade Group LLC

American Tax Professionals LLC

Artisan Properties LLC

Artspace Properties LLC

Austin Colby Company

Badger Craft Beer Distributors Ltd

Badger Craft Beer Management LLC

BCL Aviation LLC

BCL Medical Fund I LLC

BCL Partners Fund LLC

BFG Columbus Holdings LLC

BFG Columbus Repair LLC

BFG Heartland LLC

BFG Investment Holdings LLC

BFG Loan Holdings LLC

BFG Northeast LLC

BFG West LLC

BHC Asset Group LLC

Big Storm Brewing Co.

Big Storm Brewery LLC

Big Storm Canteen LLC

Big Storm Cape Coral LLC

Big Storm Coffee Company LLC

Big Storm Creamery LLC

Big Storm Distilling Company LLC

Big Storm Pasco LLC

Big Storm Pinellas LLC

Big Storm Real Estate LLC

Blood Brothers LLC

Bloodyuno LLC

Boston Asset Management Inc

Boston Capital Consulting LLC

Boston Capital Leasing LLC

Boston Capital Leasing Management LLC

Boston Finance Group LLC

Boston Holding Company LLC

Boston Holding Real Estate LLC

Boston Settlement Finance Inc.

Boston Settlement Group LLC

Boston Wealth Solutions LLC

Brand Activators LLC

Bravo Zulu Tactical LLC

Broadleaf 9th Street LLC

Broadleaf Forest Management LLC

Broadleaf Kenwood LLC

Broadleaf North LLC

Broadleaf Property Management LLC

Broadleaf Properties LLC

Broadleaf Realty LLC

Broadleaf Warner LLC

Brooke Acquisitions LLC

BSG LLC

Center Services LLC

Combined Force LLC

Condor Rapier LLC

Connectionology Seminars

Conway Life Planning LLC

Cornerstone Life Management Inc

Counselor's Capital Financial Services LLC

Elder Care Alliance Inc

Fat Lion Brewing Company LLC

Fat Lion Real Estate LLC

Fat Point V2 LLC

Fiduciary Tax & Accounting Services

Global Litigation Consultants LLC

Gravitas Equity Partners LLC

Gravitas II LLC

Gravitas Tech LLC

Integritas Management LLC

Integritas Sports Management LLC

John Joseph Solutions LLC

Liber Pater Holdings LLC

LJG Management Group Inc.

Manufacturing Research Group Inc

MIA Brewing Co. V2 LLC

Motivation Options Initiative Seeking Our Nature, Inc.

North American Keg LLC

NPM Management Group LLC

Old Line Keg Manufacturing LLC

Old Line Manufacturing LLC

Olympus Foundation Management LLC

Olympus Marketing Group LLC

Orange Blossom Funding LLC

Orvis Entertainment LLC

Pillars Insurance Advisors LLC

Prometheus Foundation Mgmt LLC DBA Prometheus Sports Mktg

Propertycraft Enterprises LLC

Prospect Funding Holdings LLC

Prouty Road Farms LLC

Public Guardianship Alliance LLC

Seaboard Craft Beer Holdings LLC

Seaboard Craft Distilling Holdings LLC

Seaboard Global LLC

Seaboard Manufacturing LLC

Seaboard Manufacturing LLC DBA N&D Manufacturing Inc

Seaboard Portage LLC

Seaboard Printing LLC

Seaboard Real Estate Holdings LLC

Seaboard Technology LLC

Security Institute Holdings LLC

Sharkdefense Technologies LLC

SSK Manufacturing Consulting Inc.

Stowe Mountain Properties, LLC

Talis Intelligence Group LLC

The Center for Fiduciary Services Inc.

The Center for Financial Counseling LLC

The Center for Lien Resolution LLC

The Center for Life Care Planning LLC

The Center for Litigation Support LLC

The Center for Settlement Consultants LLC

The Colby Company LLC

The Directed Benefits Foundation Inc

The Medicare and Medicaid Institute Inc.

USSI Holdings LLC

USSI Intelligence Group LLC

USSI Special Operations Group LLC

Veritas Investigative Services LLC

ORDERED.

**Dated:  January 27, 2025**

Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                        Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                Chapter 11

        Debtor.

MICHAEL GOLDBERG, as Chapter 11 Trustee      Adv. Pro. No. 8:24-ap-00139-RCT
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

        Plaintiff,

v.

BOSTON FINANCE GROUP, LLC, a Florida limited
liability company and LEO J. GOVONI, an
individual,

        Defendants.

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER**

        This case is before the Court on the *ex parte* Emergency Motion for entry of a temporary

restraining order (the "Motion") filed by Michael Goldberg, the Chapter 11 Trustee [Doc. 42]. The

Court having considered the Motion and been informed of the parties' agreement at the hearing held before the Court on January 21, 2025 at 9:30 a.m. (ET), it is:

**ORDERED**:

1.     On January 13, 2025, the Court entered a Temporary Restraining Order ("<u>TRO</u>") with respect to over 100 "Alter Ego Companies" described on Exhibit A to that TRO. *See* Doc. 45.

2.     Subsequently, the Court set a hearing to consider the conversion of that TRO into a preliminary injunction for January 21, 2025 [Doc. 50].

3.     Pursuant to F.R.C.P. 65(b)(2), made applicable by Fed. R. Bankr. P. 7065, the Judgment Debtors, Boston Finance Group, LLC and Leo J. Govoni (collectively, the "<u>Judgment Debtors</u>") and several "Alter Ego Companies" specifically named herein have requested a temporary extension of the TRO, through a date approximately 14 days after January 21, 2025, and the Chapter 11 Trustee has agreed to that request, on certain conditions described below and incorporated into this Order.

4.     The only entities and individuals being granted this extension of the TRO are:

    a.   Judgment Debtors, Boston Finance Group, LLC and Leo J. Govoni;

    b.   Boston Asset Management Inc. ("<u>BAM</u>");

    c.   Global Litigation Consultants LLC ("<u>GLC</u>"); and

    d.   Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, Big Storm Real Estate LLC (collectively, the "<u>Big Storm Entities</u>", and together with the Judgment Debtors, BAM and GLC, the "<u>TRO Entities</u>").

5.     And the agreed-upon conditions for this extension are:

    a.   Except as provided for herein, the TRO and all injunctive relief remains in place with respect to the TRO Entities through and including February 3, 2025;

79600139

b. BAM, GLC, and the Big Storm Entities may fund payroll on January 17, 2025 and January 31, 2025; *provided, however, that* no money shall be paid to insiders of either Judgment Debtor, including any of Mr. Govoni's family members;

c. Within 5 days of entry of this Order, BAM, GLC, and the Big Storm Entities shall provide the Chapter 11 Trustee with a budget for the month of January, 2025; and

d. On or before February 7, 2025, BAM, GLC, and the Big Storm Entities shall provide the Chapter 11 Trustee with a Monthly Operating Report, substantially in the form utilized in chapter 11 bankruptcy cases, for the month of January, 2025; and

6.      The Chapter 11 Trustee and the TRO Entities reserve all rights and arguments to make at the continued hearing on conversion of the TRO to a preliminary injunction with respect to the TRO Entities.

7.      A hearing regarding conversion of this Order extending TRO with respect to the TRO Entities will be held before the Honorable Roberta A. Colton on **Monday, February 3, 2025, at 3:00 p.m.** at Courtroom 8A, Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.  All parties may attend the hearing in person. Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gove/judges/colton.

8.      The Court shall issue a separate order granting a preliminary injunction with respect to the remaining Alter Ego Entities (as defined in the Motion) not subject to this Order.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

3

ORDERED.

**Dated:  January 27, 2025**

Roberta A. Colton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adv. Pro. No. 8:24-ap-00139-RCT |
| Plaintiff, | |
| v. | |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

## ORDER GRANTING PRELIMINARY INJUNCTION

This case is before the Court on the *ex parte* Emergency Motion for entry of a temporary

restraining order (the "Motion") filed by Michael Goldberg, the Chapter 11 Trustee [Adv. Doc.

42]. The Court having considered the Motion and materials submitted therewith, and based upon the Court granting summary judgment on the issue of damages in favor of Plaintiff against Defendants Leo J. Govoni ("Govoni") and Boston Finance Group LLC ("BFG," together with Govoni, the "Defendants"), the Court finds that the Plaintiff is likely to succeed on the merits.

Furthermore, the record before the Court in the Main Case and all related adversary proceedings, in tandem with the materials submitted with the Motion, including the Declarations of the Chapter 11 Trustee and his counsel, demonstrate a substantial likelihood that, absent a preliminary injunction, the Alter Ego Entities (as defined in the Motion) will otherwise transfer or dissipate assets purchased with estate funds, and these transfers will irreparably injure the Debtor's estate and its creditors.

On January 13, 2025, the Court entered a Temporary Restraining Order ("TRO") with respect to the Defendants and over 100 "Alter Ego Companies" described on Exhibit A to that TRO. *See* Doc. 45.

Subsequently, the Court set a hearing (the "Hearing") to consider the conversion of that TRO into a preliminary injunction for January 21, 2025 [Adv. Doc. 50].

Notice of entry of the TRO and the Hearing [Adv. Docs. 56 and 57] was provided to the Defendants and the Alter Ego Entities on January 13, 2025 and January 17, 2025, respectively.

The prospective harm to the Debtor's estate and its creditors outweighs the prospective harm to the Alter Ego Entities. The Plaintiff has shown a likelihood of entitlement to either all or a substantial portion of the Alter Ego Entities' assets. The Alter Ego Entities are minimally harmed by an inability to control assets to which the Debtor is likely entitled to and to which Alter Ego Entities likely lack entitlement. Therefore it is:

**ORDERED**:

1.      The TRO is hereby converted to a Preliminary Injunction with respect to all Alter Ego Entities identified on **Exhibit A** to this Order.  For avoidance of doubt, the following persons/entities are not subject to this Preliminary Injunction, but shall be governed by a separate Order of this Court extending the TRO:

        a.   Judgment Debtors, Boston Finance Group, LLC and Leo J. Govoni;

        b.   Boston Asset Management Inc. ("<u>BAM</u>");

        c.   Global Litigation Consultants LLC ("<u>GLC</u>"); and

        d.   Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, Big Storm Real Estate LLC (collectively, the "<u>Big Storm Entities</u>").

2.      Effective as of the date of this Order, the Alter Ego Entities identified on **Exhibit A** to this Order — as well as anyone acting on their behalf or in concert or participation with them — are preliminarily enjoined from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the Alter Ego Entities identified on **Exhibit A** to this Order.

3.      The injunctive relief in this Order expires on the earlier of (a) 6 months from entry of the Order or (b) confirmation of a chapter 11 plan of liquidating by the Chapter 11 Trustee, but can be further extended upon a showing of good cause.

4.      Based on the legal and equitable arguments raised by the Plaintiff and the relatively short duration of the injunctive relief in this Order, no grant of security is required by the Plaintiff pursuant to  Rule 65(c) of the Federal Rules of Civil Procedure.

5.      To the extent any of the Alter Ego Entities are: 1) not associated with the Defendants; 2) need to enter a transaction that is enjoined by this Order; and/or 3) for any other valid reason, such Alter Ego entity can seek relief from this Order on an expedited basis.

6.      Subsequent to the entry of this Order, notice of it will be provided to the Defendants

and the Alter Ego Entities as soon as practicable.

7.      The Motion and this Order comply with all requirements of Rule 65 of the Federal

Rules of Civil Procedure.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

## EXHIBIT A

### ALTER EGO COMPANIES SUBJECT TO THE TEMPORARY RESTRAINING ORDER

American Albanian Trade Group LLC

American Czech Trade Group LLC

American Tax Professionals LLC

Artisan Properties LLC

Artspace Properties LLC

Austin Colby Company

Badger Craft Beer Distributors Ltd

Badger Craft Beer Management LLC

BCL Aviation LLC

BCL Medical Fund I LLC

BCL Partners Fund LLC

BFG Columbus Holdings LLC

BFG Columbus Repair LLC

BFG Heartland LLC

BFG Investment Holdings LLC

BFG Loan Holdings LLC

BFG Northeast LLC

BFG West LLC

BHC Asset Group LLC

Blood Brothers LLC

Bloodyuno LLC

Boston Capital Consulting LLC

Boston Capital Leasing LLC

Boston Capital Leasing Management LLC

Boston Holding Company LLC

Boston Holding Real Estate LLC

Boston Settlement Finance Inc.

Boston Settlement Group LLC

Boston Wealth Solutions LLC

Brand Activators LLC

Bravo Zulu Tactical LLC

Broadleaf 9th Street LLC

Broadleaf Forest Management LLC

Broadleaf Kenwood LLC

Broadleaf North LLC

Broadleaf Property Management LLC

Broadleaf Properties LLC

Broadleaf Warner LLC

Brooke Acquisitions LLC

BSG LLC

Center Services LLC

Combined Force LLC

Condor Rapier LLC

Connectionology Seminars

Conway Life Planning LLC

Cornerstone Life Management Inc

Counselor's Capital Financial Services LLC

Elder Care Alliance Inc

Fat Lion Brewing Company LLC

Fat Lion Real Estate LLC

Fat Point V2 LLC

Fiduciary Tax & Accounting Services

Gravitas Equity Partners LLC

Gravitas II LLC

Gravitas Tech LLC

Integritas Management LLC

Integritas Sports Management LLC

John Joseph Solutions LLC

Liber Pater Holdings LLC

LJG Management Group Inc.

Manufacturing Research Group Inc

MIA Brewing Co. V2 LLC

Motivation Options Initiative Seeking Our Nature, Inc.

North American Keg LLC

NPM Management Group LLC

Old Line Keg Manufacturing LLC

Old Line Manufacturing LLC

Olympus Foundation Management LLC

Olympus Marketing Group LLC

Orange Blossom Funding LLC

Orvis Entertainment LLC

Pillars Insurance Advisors LLC

Prometheus Foundation Mgmt LLC DBA Prometheus Sports Mktg

Propertycraft Enterprises LLC

Prospect Funding Holdings LLC

Prouty Road Farms LLC

Public Guardianship Alliance LLC

Seaboard Craft Beer Holdings LLC

Seaboard Craft Distilling Holdings LLC

Seaboard Global LLC

Seaboard Manufacturing LLC

Seaboard Manufacturing LLC DBA N&D Manufacturing Inc

Seaboard Portage LLC

Seaboard Printing LLC

Seaboard Real Estate Holdings LLC

Seaboard Technology LLC

Security Institute Holdings LLC

Sharkdefense Technologies LLC

SSK Manufacturing Consulting Inc.

Stowe Mountain Properties, LLC

Talis Intelligence Group LLC

The Center for Fiduciary Services Inc.

The Center for Financial Counseling LLC

The Center for Lien Resolution LLC

The Center for Life Care Planning LLC

The Center for Litigation Support LLC

The Center for Settlement Consultants LLC

The Colby Company LLC

The Directed Benefits Foundation Inc

The Medicare and Medicaid Institute Inc.

USSI Holdings LLC

USSI Intelligence Group LLC

USSI Special Operations Group LLC

Veritas Investigative Services LLC

ORDERED.

**Dated:  February 05, 2025**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adv. No. 8:24-ap-00139-RCT |
| Plaintiff, | |
| v. | |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

## <u>AGREED ORDER GRANTING PRELIMINARY INJUNCTION</u>

THIS PROCEEDING is before the Court on the _ex parte_ emergency motion for entry of a

temporary restraining order (the "<u>Motion</u>") filed by Michael Goldberg, the Chapter 11 Trustee

(Doc. 42). The Court having considered the Motion and materials submitted therewith, and based

upon the Court granting summary judgment on the issue of damages in favor of Plaintiff against Defendants Leo J. Govoni ("Govoni") and Boston Finance Group LLC ("BFG," together with Govoni, the "Defendants"), the Court finds that the Plaintiff is likely to succeed on the merits.

Furthermore, the record before the Court in the Main Case and all related adversary proceedings, in tandem with the materials submitted with the Motion, including the Declarations of the Chapter 11 Trustee and his counsel, demonstrate a substantial likelihood that, absent a preliminary injunction, the TRO Entities (as defined below) will otherwise transfer or dissipate assets purchased with estate funds, and these transfers will irreparably injure the Debtor's estate and its creditors.

On January 13, 2025, the Court entered a Temporary Restraining Order ("TRO") with respect to the Defendants and over 100 "Alter Ego Entities" described on Exhibit A to that TRO (Doc. 45). Subsequently, the Court set a hearing (the "Hearing") to consider the conversion of that TRO into a preliminary injunction for January 21, 2025 (Doc. 50).

Notice of entry of the TRO and the Hearing (Docs. 56 and 57) was provided to the Defendants and the Alter Ego Entities on January 13, 2025, and January 17, 2025, respectively.

On January 27, 2025, the Court entered (i) Order Extending Temporary Restraining Order with respect to the TRO Entities through and including February 3, 2025 (the "Extended TRO") (Doc. 59) and (i) Order Granting Preliminary Injunction with respect the Alter Ego Entities (Doc. 60).

The Court set a continued hearing (the "Continued Hearing") to consider the conversion of Extended TRO into a preliminary injunction for February 3, 2025 (Doc. 59).

The prospective harm to the Debtor's estate and its creditors outweighs the prospective harm to the TRO Entities. The Plaintiff has shown a likelihood of entitlement to either all or a

substantial portion of the TRO Entities' assets. The TRO Entities are minimally harmed by an

inability to control assets to which the Debtor is likely entitled to and to which TRO Entities

likely lack entitlement. Therefore, and upon the agreement of the parties, it is

**ORDERED**:

1.    The Extended TRO is hereby converted to a Preliminary Injunction with respect to

the following TRO Entities:

    a.    Judgment Debtors, Boston Finance Group, LLC and Leo J. Govoni (the

"Judgment Debtors");

    b.    Boston Asset Management Inc. ("BAM");

    c.    Global Litigation Consultants LLC ("GLC"); and

    d.    Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, Big Storm Real Estate LLC (collectively, the "Big Storm Entities", and together with the Judgment Debtors, BAM and GLC, the "TRO Entities").

2.    Effective as of the date of this Order, the TRO Entities — as well as anyone acting

on their behalf or in concert or participation with them — are preliminarily enjoined from directly

or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise

disbursing the assets of any of the TRO Entities or Alter Ego Entities.

3.    The injunctive relief granted pursuant to this Order expires at 5:00 p.m. (ET) on

April 4, 2025, but can be further extended upon a showing of good cause.

4.    Based on the legal and equitable arguments raised by the Plaintiff and the relatively

short duration of the injunctive relief in this Order, no grant of security is required by the Plaintiff

pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.[1]

---

[1] Fed. R. Civ. P. 65 is made applicable to this proceeding by Fed. R. Bankr. P. 7065.

5.     To the extent any of the TRO Entities are: 1) not associated with the Defendants; 2) need to enter a transaction that is enjoined by this Order; and/or 3) for any other valid reason, such TRO Entity can seek relief from this Order on an expedited basis.

6.     Subsequent to the entry of this Order, notice of it will be provided to the TRO Entities as soon as practicable.

7.     The Motion and this Order comply with all requirements of Rule 65 of the Federal Rules of Civil Procedure.

8.     Based upon the agreement to entry of this Order, the Continued Hearing is canceled.

9.     The Court shall conduct a further hearing on the Motion on **Friday, April 4, 2025, at 9:30 a.m.** at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602.

Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing.  To register click the link below or manually enter the following web address into a browser:

https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration.

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.